# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In the matter of:     In Bankruptcy

**LIUDMILA A. STOROZHENKO,**     Case No. 11-57443 tjt
Chapter 7
    Debtor.     Hon. Thomas J. Tucker
_____/

**K. JIN LIM, TRUSTEE,**

    Plaintiff,

-vs-     Adv. Pro. No.

**LIUDMILA A. STOROZHENKO,**

    Defendant.
_____/

## COMPLAINT FOR DENIAL OF DISCHARGE
## PURSUANT TO 11 U.S.C. § 727

K. Jin Lim, Trustee by her attorneys Schneider Miller, P.C., says for her complaint:

1. Liudmila A. Storozhenko ("Debtor") is a Chapter 7 bankruptcy debtor.

2. K. Jin Lim is the duly qualified and acting trustee in this case.

3. This Court has jurisdiction in this adversary proceeding pursuant to 28 U.S.C. §157 and 1334 because this proceeding arises in the above captioned matter Chapter 7 proceedings currently pending in the Easter District of Michigan, Southern Division.

4. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(J).

5. Debtor married Vladimir Nozhnik ("Vladimir") in July 2008; Vladimir had recently divorced Esfir Nozhnik ("Esfir") in April 2008.

6. David Findling ("Receiver") was appointed receiver by the Oakland County Circuit Court in September 2008 to enforce a debt of approximately $120,000 owed by Vladimir to Esfir.

7. Debtor filed a verified Complaint for Divorce on August 18, 2009 in the case known as <u>Liudmila Storozhenko vs. Vladimir Nozhnik</u>, Oakland County Circuit Court Case No. 2009-762704-DO.

8. At the request of Debtor, the state court entered a mutual preliminary injunction on August 18, 2009 covering all property in Debtor's divorce.

9. During the divorce proceedings, it became apparent that Vladimir had transferred funds to Debtor to hide them from Esfir and Receiver; Debtor knowingly accepted said funds.

10. On June 22, 2011, the state court determined that Debtor had violated the injunction by spending some of the transferred funds, leading the court to hold debtor in civil contempt; Debtor was ordered to pay to Receiver $106,144.73 for the benefit of Esfir and Vladimir's divorce estate.

11. Debtor filed bankruptcy on June 23, 2011.

12. Receiver became aware that Debtor had recently negotiated a settlement in a 2009 personal injury case; Receiver provided notice of the receivership and injunction upon Debtor's personal injury lawyers.

13. On March 2, 2011, the Oakland County Circuit Court entered a preliminary injunction prohibiting Debtor from engaging in any transfer in excess of $3,000.

14. Despite the notice and injunction, Debtor's law firm remitted the settlement payment for the personal injury action to the Debtor in the amount of $46,862.08.

15. On August 30, 2011, a B.R. 2004 examination of Debtor was conducted.

16. At the 2004 examination, Debtor stated that she had taken the money to Russia to care for her ill mother; Debtor has stated that she cannot produce receipts because her Mother was not admitted to a hospital.

2

17. Within the 90 days prior to filing bankruptcy, Debtor disposed of all of the personal injury proceeds except some $3,159.

## COUNT I - 
## DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(2).

Trustee repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein:

18. Debtor has transferred or concealed property with the aim of putting it beyond the reach of her creditors.

19. Debtor's discharge should be denied pursuant to 11 U.S.C. § 523(c).

**WHEREFORE**, Trustee prays for denial of discharge.

## COUNT II
## COUNT II-DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(3)

Trustee repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein:

20. Debtor has not produced any record of expenses associated with the removal of a large amount of estate property.

21. Debtor's discharge should be denied pursuant to 11 U.S.C. §727(a)(3).

**WHEREFORE**, Trustee prays for denial of discharge.

## COUNT III
## DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(4).

Trustee repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein:

22. Debtor has withheld from Trustee documents relating to the removal of a large amount of estate property.

23. Debtor's discharge should be denied pursuant to 11 U.S.C. § 727(a)(4).

**WHEREFORE**, Trustee prays for denial of discharge.

# COUNT IV
## DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(5).

Trustee repeats and incorporates all of the allegations contained in the preceding paragraphs of this Complaint as if fully set out herein:

24. Debtor has not satisfactorily explained the loss of assets.

25. Debtor's discharge should be denied pursuant to 11 U.S.C. § 727(a)(5).

**WHEREFORE**, Trustee prays for denial of discharge.

SCHNEIDER MILLER, P.C.

Dated: September 26 2011

By: /s/ Kenneth M. Schneider
KENNETH M. SCHNEIDER (P-31963)
Attorney for the Trustee/Plaintiff
645 Griswold, Suite 3900
Detroit, MI 48226
(313) 237-0850
kschneider@schneidermiller.com